UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERBERT GILES-EL, #132442,

        Plaintiff,                             Case No. 15-cv-12748

v                                           Honorable Thomas L. Ludington

HEIDI WASHINGTON, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT, DENYING APPLICATION FOR APPOINTMENT OF COUNSEL AND DENYING RIGHT TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS ON APPEAL**

**I.**

On August 3, 2015, Plaintiff Herbert Giles-El, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed his *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1.  Plaintiff alleges that, following his transfer to the Cotton Correctional Facility from another prison on August 1, 2013, he discovered that his typewriter and a lamp had been confiscated by prison personnel and that he has been unable to obtain a return of the items despite repeated efforts. *Id*.  Plaintiff claims that he was also denied his request to have all of his legal briefs and motions downloaded from the typewriter, which led to the denial of an unspecified court case. *Id*.  Plaintiff seeks monetary damages and injunctive relief. *Id*.  On August 3, 2015, Plaintiff filed a motion for the appointment of counsel, ECF No. 3, and on August 26, 2015 Plaintiff filed an Application to proceed without prepaying fees or costs. ECF No. 6.

Because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's complaint will be dismissed. Plaintiff's motion for the appointment of counsel will also be denied.

## II.

### A.

As provided in 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis in law or fact when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint should be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich.1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is,

they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, still must plead facts sufficient to show a legal wrong has been committed from which a plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir.2001).

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). Therefore, a plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). Where a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

**B.**

In the present case, Plaintiff has not alleged that the Michigan remedies for obtaining compensation for his loss are inadequate, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the

post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because Plaintiff does not allege that the post-deprivation remedies available in the State of Michigan are inadequate, he has failed to state a claim upon which relief can be granted and his complaint will be dismissed.

In fact, there are adequate post-deprivation remedies available to Plaintiff through the State of Michigan. These Michigan remedies include M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of Plaintiff's property does not rise to the level of a violation of Plaintiff's federal due process rights. *See Keenan v. Marker,* 23 F. App'x 405, 407 (6th Cir. 2001). For this reason, Plaintiff cannot maintain an action in federal court against Defendants for the intentional loss or destruction of his property.

## C.

The Court likewise rejects Plaintiff's related claim that he has been denied access to courts. Prisoners have a constitutional right of access to the courts which extends to direct appeals, habeas corpus applications, and civil rights claims only. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999). A prisoner fails to state a claim for violation of the right of access to the courts absent an allegation that the defendants hindered his or her pursuit of a direct

criminal appeal, a petition for writ of habeas corpus, or a civil rights action to vindicate his or her basic constitutional rights. *Smith v. Campbell*, 113 F. App'x 85, 87 (6th Cir. 2004).

Here, Plaintiff claims that he was denied his request to have all of his legal briefs and motions downloaded from the typewriter, which led to the denial of an unspecified court case. ECF No. 1. Plaintiff, however, does not specify the nature of legal action that he claims was impeded by the confiscation of his typewriter. A prisoner is not entitled to relief on a conclusory or speculative access to the courts claim. *See Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001). Because Plaintiff does not allege that the confiscation of the typewriter impeded his ability to pursue a direct criminal appeal, a habeas petition, or a civil rights action, he is not entitled to relief. *Smith.* 113 F. App'x at 87. The Court will dismiss the complaint.

### III.

The Court will also deny plaintiff's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *See Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996).

### IV.

Accordingly, it is **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B).

It is further **ORDERED** that Plaintiff's motion for the appointment of counsel, ECF No. 3, is **DENIED.**

It is further **ORDERED** that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of fees and costs because any appeal would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell*, 157 F.Supp.2d at 802.

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: September 23, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2015.

                                      s/Michael A. Sian
                                      MICHAEL A. SIAN, Case Manager